UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 AUG 25 PM 4:44
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

ROBERT M. THOMPSON,

    Plaintiff,

vs.

BP AMERICA, INC.

    Defendant.

CAUSE NO: 2:10-cv-221 LJM-TAB
On removal from the Knox County (Indiana) Superior Court No. 2:
Cause No. 42D02-1007-SC-1257

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, TERRE HAUTE DIVISION

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 33 U.S.C. § 2717, Defendant BP America, Inc. (hereafter "BP Petitioner"), hereby gives notice and removes this case to the United States District Court for the Southern District of Indiana, Terre Haute Division.

The BP Petitioner respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background And Applicable Procedural Requirements.**

1.     BP America, Inc. is a Delaware corporation with its principal place of business in Houston, Texas.

2.     The BP Petitioner is a named defendant in the matter styled "Robert M. Thompson v. BP America, Inc." pending in the Knox County (Indiana) Superior Court No. 2 Indiana, and bearing the Cause Number 42D02-1007-SC-1257 ("State Court Action").

3.     Plaintiff Robert M. Thompson commenced this action by filing his lawsuit in the Knox County Superior Court on July 28, 2010.

4.     BP Petitioner received notice of this claim on August 11, 2010.

5. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), the BP Petitioner attaches hereto as Exhibit A a copy of all process, pleadings and orders served on the BP Petitioner in the State Court Action as well as copies of all documents on file in the record of the State Court Action which are within the possession, custody and control of the BP Petitioner.

**The Outer Continental Shelf Land Act Provides A Basis For Removal.**

7. The Small Claims filed alleges that the plaintiff has suffered damages "due to the oil spill."

8. This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

9. OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including ... (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l).

10. The State Court Action arises out of, and has a connection with, an operation that was conducted on the outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a), and that "involves exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

11. This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

12. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Southern District of Indiana, Terre Haute Division is the district and division within which the State Court Action is pending.

14. This matter is removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Southern District of Indiana has original subject matter jurisdiction under 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

**Effectuation Of Removal.**

15. The BP Petitioner hereby removes this matter to the United States District Court for the Southern District of Indiana.

16. By filing this Notice of Removal, the BP Petitioner expressly consents to the removal.

17. The matter may be removed without regard to the citizenship or residence of the parties in accordance with 28 U.S.C. § 1441(b); nonetheless, the BP Petitioner affirmatively

asserts that the BP Petitioner is not a citizen of the State in which the State Court Action has been brought.

18. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

19. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Knox County Superior Court.

WHEREFORE, the BP Petitioner hereby removes this action to the United States District Court for the Southern District of Indiana, Terre Haute Division.

Date: August 25, 2010

Respectfully submitted,

*[signature]*

James M. Boyers Attorney No. 20809-49
Wooden & McLaughlin LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
317-639-6151 (Tel)
317-639-6444 (Fax)

jboyers@woodmclaw.com
*Attorneys for BP America, Inc.*

OF COUNSEL

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed on August 25, 2010 via CM/ECF, which will send a copy of this filing via electronic mail to all attorneys of record, and has been furnished by United States mail to the following non-CM/ECF participant: Plaintiff *pro se*, Robert M. Thompson, 2702 Elberta Drive, Vincennes, Indiana 47591.

_____
James M. Boyers